UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DIEGO O. LORENZO,<br><br>    Plaintiff,<br><br>            v.<br><br>KIWI BRANDS,<br><br>    Defendants. | Docket No. 02-CV-474B |

**PROPOSED ORDER PRELIMINARILY APPROVING SETTLEMENT,
CONDITIONALLY CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT,
APPROVING FORM AND MANNER OF NOTICE,
AND SCHEDULING HEARING ON FAIRNESS OF SETTLEMENT
<u>PURSUANT TO FED. R. CIV. P. 23(3)</u>**

The Plaintiff, Diego Lorenzo ("Plaintiff"), in his individual capacity, and Kiwi Brands ("Defendant") have moved this Court for an Order: (a) preliminarily approving the settlement of the above-captioned action pursuant to the terms and conditions of the Settlement Agreement (the "Settlement Agreement"), dated June 6, 2006; (b) approving the forms of notice and directing the manner of delivery and publication of such notice; (c) conditionally certifying a settlement class under Fed. R. Civ. P. 23(a) and 23(b)(3) for purposes of the Settlement and the final approval thereof; and (d) scheduling a hearing to consider the fairness of the Settlement pursuant to Fed. R. Civ. P. 23(3) and to consider the application for fees and expenses by Plaintiff's Counsel. Upon consideration of the Settlement Agreement and the parties' joint motion and accompanying memorandum of law, and exhibits attached thereto, as well as the pleadings and records on file, and good cause appearing, it is hereby ORDERED as follows:

1. The Settlement Agreement is expressly incorporated into and made a part of this Order. To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the Settlement Agreement.

2. The terms of the Settlement in the Settlement Agreement is hereby preliminarily approved as it appears to be fair, reasonable, and adequate and to have been the product of good faith, serious, informed, and extensive arms' length negotiations among the parties.

3. The Court finds that the forms of notice proposed by Plaintiff is hereby approved. Such notice will entail: (a) mailing within fourteen (14) days of entry of this Order by first-class mail, postage prepaid, the approved individual notice to the last known address of all persons who have contacted Defendant between September 1, 1993 through September 1, 2005 about Endust for Electronics (EFE) allegedly causing damage to a computer monitor or laptop screen and whose claims were not resolved; (b) publication beginning within fourteen (14) days of the entry of this Order of the approved summary notice in *USA Today* once a week for two (2) weeks; (c) within fourteen (14) days of the entry of this Order, purchase of banner advertisements for six million banner impressions on America On Line or some other major portal (such as Yahoo, Lycos, or MSN based on availability) that will announce the proposed settlement of this action and provide an automatic link to a webpage (at www.efesettlement.com or equivalent domain name) hosted by the Notice Administrator; (d) within fourteen (14) days of entry of this Order, the Notice Administrator will, which will include, *inter alia*, a copy of the full individual notice, other relevant pleadings in the case, and the toll free call in number; and (e) also within fourteen (14) days of the entry of this Order, the Notice Administrator will set up a call-in center to receive and process calls from Class Members to respond to questions or comments regarding the proposed Settlement. Plaintiff's Counsel will ensure that all forms of

notice will be handled in the manner set forth in and required by the Settlement Agreement, and will file an affidavit attesting to such fact with the Court at or before the Settlement Fairness Hearing.

4.  The form and manner of delivery and publication of the various forms of notice directed hereby and in the Settlement Agreement meet the requirements of Fed. R. Civ. P. 23 and due process, constitute the best notice practicable under the circumstances, and will constitute due and sufficient notice to all members of the Class.

5.  The Court hereby appoints The Garden City Group of Melville, New York to act as Notice Administrator in this action.

6.  The Court hereby preliminarily approves the maintenance of this Action as a class action for purposes of the Settlement pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(3). Specifically, the Court finds that: (a) the number of members of the Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named Plaintiff are typical of the claims of the Class; (d) the named Plaintiff will fairly and adequately represent the interests of the Class; (e) common questions predominate over any questions affecting only individual members; and (f) class resolution is superior to other available methods for the fair ad efficient adjudication of the controversy.  Also for purposes of the proposed Settlement only, the Court further finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that Diego Lorenzo has and will adequately represent the Class as the Class Representative, and is hereby approved as Class Representative.

7. Accordingly, for purposes of the Settlement only, this Action is hereby conditionally certified as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), with the Class defined as follows:

> All natural persons who purchased Endust for Electronics on or after September 1, 1993 through September 1, 2005 and used Endust for Electronics on his/his computer monitor and/or laptop screen, and contend that Endust for Electronics adversely affected the screen.

8. The Court appoints the firms of Morris and Morris LLC Counselors At Law ("Morris and Morris") and Bouchard & Kleinman, P.A. as Class Counsel, and appoints Morris and Morris as Lead Class Counsel to act on behalf of the Settlement Class with respect to all acts or consents permitted or required by the Settlement Agreement, or such other acts as may be reasonably necessary to consummate the Proposed Settlement. Based on the proceedings in this matter to date and the documents on file with the Court, the Court concludes that Class Counsel have and will represent the Class fairly and adequately. Appointment of the above-named counsel as Class Counsel, and Morris and Morris as Lead Class Counsel is supported by the significant work that these counsel have performed in identifying and investigating the potential claims in this action, the experience of Morris and Morris in handling complex class actions, and the resources that these counsel have committed to the prosecution of this action.

9. A hearing (the "Settlement Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court on October 2, 2006, at 9:30 a.m. for the following purposes:

    a. to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be finally approved by the Court;

    b. to approve the Allocation Formula;

  c. to determine finally whether this Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and 23(b)(3) for purposes of the Settlement;

  d. to determine whether the Settlement has been negotiated in good faith and at arm's length by the Plaintiff and his counsel on behalf of the proposed Settlement Class and whether the Plaintiff has acted independently and that his interests are identical to the interests of the other members of the proposed Settlement Class;

  e. to determine whether the Judgment and Final Order as provided under the Settlement Agreement should be entered, and whether the Released Parties should be released from the Released Claims, as provided in the Settlement Agreement;

  f. to determine whether Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of expenses is fair, reasonable, and adequate and should be approved by the Court;

  g. to consider the Class Representative's application for an award of an incentive fee;

  h. to rule upon such other matters as the Settlement Agreement contemplates and as the Court may deem just and proper.

10. Any application by Plaintiff's Counsel for attorneys' fees and reimbursement of expenses, and all papers in support thereof, will be filed with the Court and served on all counsel of record no less than ten (10) days before the Settlement Fairness Hearing.

11. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such

5

request shall mail the request in written form by first class mail postmarked no later than August 31, 2006 to the address designated in the paragraph 13 below.  Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that he or she requests to be excluded from the Class in the case of <u>Lorenzo v. Kiwi Brands</u>, Docket No 02-CV-474B, and must be signed by such person.  The request for exclusion shall not be effective unless it provides the required information and is provided within the time stated above, or the exclusion is otherwise accepted by the Court.

12. The Court will consider comments or objections to the certification of the Class under Fed. R. Civ. P. 23(a) and 23(b)(3), the proposed Settlement, the award of attorneys' fees and reimbursement of expenses, and an incentive payment to the Class Representative at the Settlement Fairness Hearing, but only if such comments or objections, and any supporting papers, are filed with the Clerk of the Court, United States District Court for the District of New Hampshire, the Warren B. Rudman U.S. Courthouse, 55 Pleasant Street, Concord, New Hampshire, 03301 on or before August 31, 2006, and, by the same date, copies of all such papers are also served on each of the following persons:

| | |
|---|---|
| Karen L. Morris | Joseph Leghorn |
| Patrick F. Morris | NIXON PEABODY LLP |
| MORRIS AND MORRIS LLC | 101 Summer Street |
|    COUNSELORS AT LAW | Boston, MA  02110 |
| 4001 Kennett Pike, Suite 300 | (617) 345-1000 |
| Wilmington, DE 19807 | |
| (302)-426-0400 | |

Written objections must provide a detailed statement of the objector's specific objections to any matter before the Court and all the grounds therefor, and must include all documents such person wishes the Court to consider.

M126993.1                              6

13. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the requests for attorneys' fees and reimbursement of expenses, or the request for an incentive payment to the Class Representative must state in their written objection(s) their intention to appear at the hearing. Such persons must identify in their written objection(s) the names of any witnesses they may call to testify and any exhibits they intend to introduce into the evidence at the Settlement Fairness Hearing. Class members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

14. No person will be entitled to object to the proposed Settlement, to the final judgment to be entered in this Action, to any award of attorneys' fees or expenses, or otherwise to be heard, except by filing and serving written objections (and, if such person wishes to be heard at the Settlement Fairness Hearing, a written notice of intention to appear) in the form and manner, and by the date, required by the notice. Any person who fails to object in the manner and by the date required will be deemed to have waived any objections, and will forever be barred from raising such objections in this or any other action or proceeding.

15. Pending final determination of whether the proposed Settlement should be approved, the parties and all members of the proposed Settlement Class are each hereby barred and enjoined from instituting or prosecuting any action that asserts any Released Claim against any Released Parties.

16. If the Settlement Agreement is terminated pursuant to the provisions of Sections VIII.D-H thereof, this Order will be null, void, and of no further force or effect, and each party to the Settlement Agreement will be restored to his, her, or its respective position as it existed prior to the execution of the Settlement Agreement.

17.	The Court reserves the right to reschedule the Settlement Fairness Hearing without further notice of any kind.

18.	The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED,**

date: June 19, 2006

/s/ Paul Barbadoro

US District Judge