U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

OCT 0 2 2006

**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

DIEGO O. LORENZO

    Plaintiff,

v.

KIWI BRANDS,

    Defendant.

CIVIL ACTION NO.
02-CV-474B

## ORDER AND FINAL JUDGMENT

The above-captioned matter having come before the Court for hearing, as noticed, on October 2, 2006, at 9:30 a.m., pursuant to the Order of this Court dated June 19, 2006 ("Preliminary Order"), to consider and determine the matters set forth in the Preliminary Order, and due and sufficient notice having been given in accordance with the provisions of the Preliminary Order, and all persons having any objection to the proposed settlement embodied in the Settlement Agreement dated June 6, 2006 or the request for attorneys' fees and expenses in this Action having been given an opportunity to present such objections to the Court, the Court having heard and considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel and any objections raised at the hearing and good cause appearing therefor:

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Settlement Agreement dated June 6, 2006 (the "Settlement Agreement").

2. The Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class, and Defendant Kiwi Brands ("Kiwi" or "Defendant").

3. The Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of this action, adopts the Settlement Agreement as its judgment, and orders that the Settlement Agreement shall be herewith effective, binding, and enforced according to its terms and conditions. Among the factors considered by the Court in concluding that the Settlement is fair, reasonable, and adequate are: (i) that the Settlement was reached after nearly four years of active litigation and only following extensive document production, witness depositions and the exchange of expert reports, when both sides were well-positioned to evaluate the strengths and weaknesses of the other's case; (ii) the risks inherent in complex class actions, such as this, with numerous hotly-contested issues, including issues related to causation, to proving damages, and class certification; (iii) that Settlement removes the risks, delays, and costs associated with continued litigation; and (iv) that the labeling changes imposed by the Settlement Agreement provide significant benefit to Settlement Class Members, in addition to the monetary relief available through the claims review process.

4. The Court determines that the Settlement has been negotiated vigorously, in good faith, and at arm's length by Plaintiff and his counsel on behalf of the Settlement Class, and further finds that, at all times, Plaintiff has acted independently and that his interests are identical

to the interests of the Settlement Class, and that Plaintiff has at all times adequately represented the Settlement Class.

5. The Court determines that the Notice transmitted to the Settlement Class pursuant to the Preliminary Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Notice provides valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Settlement Agreement, to all persons entitled to such notice, and such Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

6. The Court hereby approves the maintenance of this action as a class action for purposes of the Settlement pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) and (b)(2). Specifically, the Court finds that: (a) the number of members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named Plaintiff are typical of the claims of the Settlement Class; (d) the named Plaintiff has and will fairly and adequately represent the interests of the Settlement Class; and that: (e) the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Settlement Class; (f) Defendant is alleged to have acted or refused to act on grounds generally applicable to the Settlement Class; and (g) Plaintiff seeks relief which is predominantly injunctive or declaratory in nature, and monetary relief sought therewith flows directly from liability to the Settlement Class as a whole on the claims forming the basis of the injunctive or declaratory relief.

7. The Court hereby approves the maintenance of the action as a class action for settlement purposes only pursuant to Fed. R. Civ. P. Rule 23(a), 23(b)(1) and (b)(2), with the Settlement Class being defined as follows:

> All natural persons who purchased Endust for Electronics between September 1, 1993 and September 1, 2005 and used Endust for Electronics on a non-glare computer monitor screen, or laptop screen and contend that Endust for Electronics adversely affected the screen.

8. The Court hereby dismisses the action against Kiwi with prejudice and on the merits, and without taxation of costs in favor of or against any party.

9. As of the date of Final Approval of Settlement (as defined in the Settlement Agreement), the Plaintiff, and each member of the Settlement Class on his, her or its own behalf and on behalf of his, her or its respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, will have released, and will be deemed to have released, each and all of the Released Parties from the Released Claims and unknown claims.

10. The Plaintiff, all members of the Settlement Class, and any other parties, are hereby permanently barred and enjoined from instituting or prosecuting, either directly, indirectly, or in a representative capacity, any other action in any court asserting any and all Released Claims and Unknown Claims against the Released Parties.

11. All parties are hereby permanently barred and enjoined from the institution and prosecution, either directly, indirectly, or in a representative capacity, of any actions against the Settling Defendant, the Released Parties, Defendants' Counsel, any member of the Settlement Class, or Plaintiff's counsel based on the amount of any Settlement claim issued pursuant to the Allocation Formula approved in the Final Approval of the Settlement.

12. The Court hereby decrees that neither the Settlement Agreement nor the Settlement nor this Order and Final Judgment is an admission or concession by Defendant of any liability or wrongdoing. This Order and Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Action. Neither the Settlement Agreement nor the Settlement nor the Order and Final Judgment nor the settlement proceedings nor the settlement negotiations nor any related documents will be offered or received in evidence as an admission, concession, presumption or inference against Defendant in any proceeding, other than such proceedings as may be necessary to enforce or consummate the agreement.

13. The Court awards Plaintiff's Counsel attorneys' fees in the amount of $250,000.00 and expenses in the amount of $13,256.32. The Court further awards an incentive compensation in the amount of $5,000.00 to the Class Representative, Mr. Diego Lorenzo. All such amounts will be paid as set forth in the Settlement Agreement. Except as otherwise provided herein or in the Settlement Agreement, each party will bear its own fees, expenses, and costs. Plaintiff's counsel will allocate the award of attorneys' fees among counsel for the Settlement Class based on their good-faith assessment of the contribution of such counsel to the prosecution of this Action.

14. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. In such event the findings herein shall also be null and void and the parties shall be restored to their respective positions as of January 23, 2006.

5

14. Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**SO ORDERED** this ⎯2nd⎯ day of ⎯October⎯, 2006.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
THE HONORABLE
UNITED STATE DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE